UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| INNOVATIVE HEALTH SOLUTIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.  4:16-cv-1676 |
| AIM Laboratories, LLC, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, Innovative Health Solutions, LLC ("IHS") respectfully submits the following Complaint against Defendant, AIM Laboratories, LLC ("AIM," and collectively with IHS, the "Parties"):

## PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff IHS is an Alabama limited liability company, and its member is an individual who is domiciled in Alabama. Therefore, Plaintiff IHS is a citizen of Alabama.

2.  Defendant AIM is a Missouri limited liability company, and upon information and belief, its members are individuals who are domiciled in Missouri. Therefore, Defendant AIM is a citizen of Missouri.

3.  The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

1

4. This Court possesses federal diversity jurisdiction over this action because all adverse parties are completely diverse in their citizenship and the amount of controversy requirement is met. *See* 28 U.S.C. § 1332.

5. Venue is proper in this District because a substantial portion of the facts, circumstances, and transactions made the basis of this Complaint occurred within this District. *See* 28. U.S. C. § 1391(b)(2).

6. Moreover, this case arises out of a contract that contains a forum selection clause wherein the Parties agreed to litigate any dispute arising between the Parties in United States District Court sitting in Missouri.

## FACTS

7. Paragraphs 1 through 6 are hereby incorporated by reference as if more fully set forth herein.

8. IHS is in the business of, among other things, assisting companies with marketing and selling their laboratory testing services to the medical and health care provider community ("medical community") and has experience in marketing and selling those services.

9. Upon information and belief, AIM is engaged in the business of providing laboratory testing services to the medical community.

10. IHS and AIM entered into the Marketing and Sales Consultant Agreement ("Agreement"), a copy of which is attached hereto as Exhibit 1.

11. Pursuant to the Agreement, IHS agreed to identify potential sales leads in the medical community for AIM's laboratory testing services, advise AIM on marketing its laboratory services to the medical community, and generate new accounts in the medical community for AIM's laboratory testing services. *See* Exhibit 1, ¶ 1.

12. AIM agreed to compensate IHS based on a percentage of collected revenues on valid patient services. *See* Exhibit 1-D. AIM is obligated to make payments in monthly installments by the fifteenth (15th) day of the month for valid patient specimens collected during the prior month. *See* Exhibit 1, ¶ 9(b).

13. IHS has in the past provided, and continues to provide, consulting services to AIM based upon the terms of the Agreement.

14. IHS complied with all of the provisions of the Agreement.

15. AIM has failed, and continues to refuse, to make payment to IHS as required by the terms of the Agreement.

16. IHS has made repeated requests of AIM to make payment consistent with the terms of the Agreement.

17. To date, AIM has made partial payments for past due amounts, but has refused to satisfy the total unpaid balance of $265,222.48, necessitating this action.

4812-0749-7275, v. 1

18. On October 10, 2016, the undersigned counsel for IHS sent AIM the final demand for payment of all past due amounts.

19. Instead of making prompt payment as required by the Agreement, AIM provided notice of its intent to terminate the Agreement. Further, AIM threatened to and/or returned laboratory samples to the medical community without testing the samples; thereby causing harm to IHS.

20. The Agreement contains a provision that awards all attorneys' fees and costs, and any other related fees and/or costs incurred by IHS while enforcing the Agreement. *See* Exhibit 1, ¶ 14(b).

21. In addition to AIM's failure to make payment for the services rendered, AIM has also irreparably damaged IHS's relationships with many of its long-standing customers in the medical community. These relationships pre-exist the business relationship between IHS and AIM. Since IHS and AIM began their business relationship, IHS made introductions on behalf of AIM, which allowed AIM to start providing laboratory services to IHS's long-standing customers.

22. IHS expressed concern to AIM regarding the quality of service that AIM provided to IHS's long-standing customers. The concerns included, but were not limited to, incorrect laboratory results, poor service, numerous problems with the TAT, and frequent delayed payments. Due to these problems, many of IHS's long-standing customers refused to use the laboratory services provided by AIM

and further discontinued their relationship with IHS. Despite repeated attempts by IHS, these customers refuse to work with IHS going forward.

## COUNT ONE - BREACH OF CONTRACT

23. Paragraphs 1 through 22 are hereby incorporated by reference as if more fully set forth herein.

24. IHS and AIM entered into a valid and enforceable contract.

25. IHS performed its obligations under the Agreement.

26. Under the Agreement, AIM is required to pay a percentage of collected revenues in monthly installments by the fifteenth (15th) day of the month for valid specimens on patient services collected during the prior month. *See* Exhibit 1.

27. AIM's failure to make timely payment is a breach of the Agreement.

28. Therefore, as a natural, foreseeable, and proximate result of AIM's breach of the Agreement, IHS has been damaged in the amount of $265,222.48 as of October 14, 2016 and has been damaged in an amount that is yet to be determined for collected revenues during the month of September 2016 which became due on October 15, 2016.

29. IHS will continue to incur damages in costs, fees, and expenses required to enforce the terms of the Agreement, including reasonable attorney's fees as provided for under the Agreement. *See id.* at ¶ 14(b).

WHEREFORE, IHS demands judgment in its favor and against AIM in an amount no less than $265,222.48, plus collected revenue for September 2016 going forward, plus pre-judgment and post-judgment interest, applicable interest charges, court costs, attorneys' fees, and any equitable and/or legal relief to which IHS may be entitled.

## COUNT TWO - UNJUST ENRICHMENT

30.     Paragraphs 1 through 29 are hereby incorporated by reference as if more fully set forth herein.

31.     IHS provided the consulting services to AIM in accordance with the Agreement.

32.     IHS incurred significant expenses in fulfilling its obligations under the Agreement with an expectation of recovering those expenses and some measure of profit.

33.     AIM received the benefit of the Agreement without fully paying for that benefit.

34.     To the extent that AIM has been paid by the medical community for the laboratory samples received through relationships that IHS developed, AIM has been unjustly enriched because AIM has not fulfilled its payment responsibilities to IHS.

4812-0749-7275, v. 1

35. IHS has been harmed by AIM's failure to fulfill its obligations under the Agreement, and IHS is entitled to restitution equal to the expenses it paid to fulfill the Agreement and its lost profit.

WHEREFORE, IHS demands judgment in its favor and against AIM in an amount to be determined by the trier of fact, plus pre-judgment and post-judgment interest, applicable interest charges, court costs, attorneys' fees, and any equitable and/or legal relief to which IHS may be entitled.

## COUNT THREE - INTERFERENCE WITH BUSINESS RELATIONS

36. Paragraphs 1 through 35 are hereby incorporated by reference as if more fully set forth herein.

37. IHS had valid business relationships or the expectancy of such relationships with its long-standing customers who engaged the services of AIM.

38. AIM had knowledge of IHS's relationships with its long-standing customers.

39. AIM intentionally interfered with IHS's relationships, causing damage to, or a breach of, IHS's relationships or contracts with its long-standing customers.

40. AIM had no justification for its interference.

7

41. As a result of AIM's interference, IHS's relationships with its long-standing customers have been damaged and IHS has suffered, and continues, to suffer damages.

WHEREFORE, IHS demands judgment in its favor and against AIM in an amount to be determined by the trier of fact, plus pre-judgment and post-judgment interest, applicable interest charges, court costs, attorneys' fees, and any equitable and/or legal relief to which IHS may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Innovative Health Solutions, LLC prays this Court enter judgment in favor of IHS and against AIM in this cause as follows:

a) Grant judgment in favor of IHS and against AIM on the Complaint;

b) Award IHS compensatory damages;

c) Award IHS exemplary damages;

d) Award IHS punitive damages;

e) Award IHS reasonable attorneys' fees and costs of this action; and

f) Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff, Innovative Health Solutions, LLC hereby demands a trial by jury.


    Plaintiff: INNOVATIVE HEALTH SOLUTIONS, LLC

8

By: /s/ Nicole Berkowitz
Nicole Berkowitz (# 67951 MO)
Baker, Donelson, Bearman, Caldwell
& Berkowitz, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103
Telephone:  901.577.8166
Facsimile:  901.577.0866
nberkowitz@bakerdonelson.com

SERVICE ON DEFENDANT:
AIM Laboratories, LLC
Peter A. Gianino, Registered Agent
165 North Meramec Ave., Suite 110
St. Louis, MO 63105